IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE NORTHWESTERN MUTUAL LIFE　　*
INSURANCE COMPANY　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　Plaintiff,
　　　　　　　　　　　　　　　　*
v.　　　　　　　　　　　　　　　　　　　　　　Civil Action No. 8:22-cv-00812-PX
　　　　　　　　　　　　　　　　*
JENNIFER IZUMI, et al.,
　　　　　　　　　　　　　　　　*
　　　Defendants.
　　　　　　　　　　　　　　　***

## MEMORANDUM

Pending in this statutory interpleader action are Northwestern Mutual Life's motion for attorneys' fees and costs (ECF No. 20) and Defendant Izumi's motion to transfer (ECF No. 9). Both motions are GRANTED.

As to the motion for fees and costs, when an interpleader plaintiff is an impartial stakeholder, it is proper to award "payment of costs and a reasonable counsel fee out of the [stake]." *Aetna Life Ins. Co. v. Outlaw*, 411 F. Supp. 824, 825–26 (D. Md. 1976). Counsel has requested, with support, $10,721.00 in attorneys' fees and $636.01 in costs, both of which are reasonable given the litigation that has ensued to date. ECF Nos. 20-1 & 20-2. Defendant Izumi does not oppose Plaintiff's Motion for Attorneys' Fees. ECF No. 22. Accordingly, the request is granted. The Clerk is DIRECTED to disburse immediately to counsel for Northwestern a total of $11,357.01 from the interpleaded funds and DISMISS Plaintiff Northwestern Mutual from this action.

Next, as to Izumi's motion to transfer under 28 U.S.C. § 1404, this Court retains "broad discretion" when deciding the propriety of transfer, *Volkswagen*, 545 F.3d at 312, undertaking "an individualized, case-by-case consideration of convenience and fairness." *United States ex*

*rel. Salomon v. Wolff*, 268 F. Supp. 3d 770, 774 (D. Md. 2017) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The Court must first determine whether the action could have been brought in the requested district. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (4th Cir. 2008). The parties do not dispute that the action most certainly could be brought in the United States Court for the District of Columbia as Izumi is a citizen there.

The Court next considers several non-exclusive factors such as "(1) the weight accorded the plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002). Generally, plaintiff's choice of venue is accorded special consideration such that "[u]nless the balance of the factors 'is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *CareFirst, Inc. v. Taylor*, 235 F. Supp. 3d 724, 733 (D. Md. 2017) (quoting *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984)). However, in an interpleader action where the Plaintiff has no real stake in the litigation, this factor matters little, if at all. *See Jackson Nat'l Life Ins. Co. v. Economou*, 557 F. Supp.2d 216 (D.N.H. 2008) ("[I]nterpleader actions do not use the 'plaintiff's choice' presumption.").

As to interests of justice, the parallel litigation in the United States District Court for the District of Columbia, *see Hall v. Biz Markie, Inc. et al.*, 22-806-CKK (filed Mar. 3, 2022) (D. D.C.), weighs heavily in favor of transfer. *Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 386 F.Supp. 2d 708, 721 (E.D. Va. 2005) (internal quotations omitted); *see also Int'l Tel. &Tel. Corp. v. Gen. Tel. & Electronics Corp.*, 527 F.2d 1162, 1164 (4th Cir. 1975); *Intellor Group v. Cicero*, 2019 WL 1643549 (D. Md. Apr 2019). This is because transfer will permit the receiving Court to consolidate the actions, if warranted, and thus minimize the chance of inconsistent judgments and maximize judicial economy.

As to convenience of witnesses and parties, the movant must offer particularized evidence that supports transfer for witness convenience or other like considerations. *MedServ Int'l, Inc. v. Rooney*, No. AW-05-3173, 2006 WL 8457082, at *2 (D. Md. Feb. 7, 2006). Izumi has persuasively demonstrated that the District of Columbia is equally, if not more, convenient for all parties and witnesses. Indeed, Tara Hall, the Personal Representative of the Hall Estate, brought the related action in the District of Columbia even though she resides in Maryland. Further, the District of Columbia federal courthouse is a short car ride from this Court and easily accessible by mass transit. Thus, all factors favor transfer. The motion is granted.

A separate Order follows.

August 26, 20222
Date

/s/
Paula Xinis
United States District Judge